**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**EVANS JANITOR SERVICE, INC., a corporation, Defendant.**

**No. AC/1131.**

United States District Court
E. D. South Carolina,
Columbia Division.

Feb. 27, 1965.

Order for Judgment March 1, 1965.

See, also, D.C., 233 F.Supp. 269.

Beverley R. Worrell, Regional Atty., U. S. Dept. of Labor, Joe D. Sparks, Dept. of Labor, Atlanta, Ga., for plaintiff.

Edgar L. Morris, Columbia, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

This is an action brought by the Secretary of Labor under the provisions of Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.A. § 201 et seq.), to enjoin the defendant (a) from violating the minimum wage, overtime, and record-keeping provisions of the Act, and (b) from withholding payment of minimum wages and overtime compensation due two of its former employees under the Act.

The case was tried before me without a jury, and having considered the testimony of the witnesses, stipulations of the parties, the exhibits, and the briefs of counsel, in compliance with Rule 52(a), Rules of Civil Procedure, I find the facts specially and state my conclusions of law thereon, in the above cause as follows:

### FINDINGS OF FACT

1. The defendant Evans Janitor Service, Inc. is a corporation having its principal place of business in Columbia, South Carolina, and is engaged in providing cleaning, maintenance and janitorial services for various buildings in the surrounding area.

2. During the period since November 1, 1962, defendant has, pursuant to contracts with the United States, performed janitorial services for specified buildings at Fort Jackson, South Carolina. Employees involved in this suit daily cleaned eleven buildings including the dial telephone exchange, Purchasing and Con-

tracting Office, Inspector General's Office, Finance Building and other miscellaneous buildings. Defendant concedes that its employees engaged in such work are entitled to the minimum wage and overtime benefits of the Act, and I so find.

3. The main issues of this action are whether two former employees of defendant were, during their employment between November 1, 1962, and February 15, 1963, paid at least the minimum wage and statutory overtime compensation, and whether an injunction should issue. Ozell Dear and Thomas Williams were compensated at the rate of $1.00 an hour. Williams was paid an additional $1.00 per day for expenses of his automobile utilized to transport equipment and supplies needed in their work.

4. Defendant failed accurately to record the daily and total hours worked by its employees. Although the amount of back wages due Dear and Williams cannot be determined with mathematical certainty because of defendant's failure to record the hours worked by them, the employees did, in fact, work more hours than the number recorded and for which they were compensated. The amounts sued for in paragraph V of plaintiff's complaint, of $245.13 for Ozell Dear and $222.78 for Thomas Williams, are reasonable approximations of the amounts the employees were underpaid.

5. The operations of defendant were investigated by the Wage and Hour Division of the United States Department of Labor in the Fall of 1961, and again in February, 1963. The President of the defendant acknowledged that the requirements of the law had been explained to her during a previous investigation, acknowledged that defendant was subject to the law.

6. Under the foregoing facts, there was no reasonable excuse for the violation of the Act by the defendant.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action and of the parties to this suit.

2. The defendant was engaged in providing cleaning, maintenance and janitorial services for the buildings involved in this action and was engaged in commerce and in the production of goods for commerce within the meaning of the Act.

3. The defendant violated the minimum wage requirements of the Act by compensating its employees at less than $1.15 an hour which was the legal minimum wage during the period of the investigation giving rise to this action.

4. Defendant violated the overtime provisions of the Act since it did not pay employees any additional compensation for hours worked in excess of forty per week.

5. Defendant did not maintain accurate records of the daily and total hours worked by the employees or the rate at which they were employed, in violation of the Act's record-keeping provisions.

6. Defendant's violations of the minimum wage and overtime requirements of the Act resulted in its having unlawfully withheld a total of $245.13 from former employee Ozell Dear and $222.78 from former employee Thomas Williams. Defendant, having failed to make and maintain adequate and accurate records as required by law and the regulations of the plaintiff, is in no position to contend that such amounts cannot be ascertained with mathematical exactitude, since plaintiff's inability results from defendant's failure to comply with the record-keeping requirements of the Act. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

7. For the foregoing reasons, it is my opinion that the plaintiff is entitled to the restraint of violations of Sections 6, 7 and 15(a)(2), Sections 11 (c) and 15(a)(5) by defendant, and restraint from continued withholding the wages herein found due employees Ozell Dear and Thomas Williams.

### Order for Judgment

The above case was tried by me without a jury, and having heard the testi-

mony of witnesses, examined the exhibits offered, considered the arguments and briefs of counsel, and having entered Findings of Fact and Conclusions of Law,

It is, therefore, ordered, That the defendant, its officers, agents, servants, employees, attorneys and all persons acting or claiming to act in its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15 (a)(2) and 15(a)(5) of the Fair Labor Standards Act, as amended (29 U.S.C.A. § 201 et seq.), in any of the following respects:

1. Defendant shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay any of its employees who in any workweek is engaged in commerce or in the production of goods for commerce, as defined by the Act, wages at a rate less than one dollar and twenty-five cents ($1.25) an hour or at a rate less than any other minimum rate which may be made applicable by amendment to the Act.

2. Defendant shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of its employees who in any workweek is engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than forty (40) hours unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

3. Defendant shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep and preserve adequate and accurate records of its employees, and the wages, hours and other conditions and practices of employment maintained by it as prescribed by existing regulations of the Administrator issued pursuant to Section 11(c) of the Act, and from time to time amended and found in 29 CFR 516.

It is further ordered, That defendant be and it hereby is enjoined and restrained from withholding payment of wages due its employees in the amount of Four Hundred, Sixty Seven and 91/100 ($467.91) Dollars, and

It is ordered, That within ten (10) days following the date of this Order, the defendant shall deliver to plaintiff, or his authorized representative a Cashier's or Certified Check payable to "Wage and Hour Division-Labor" in the total amount of Four Hundred, Sixty Seven and 91/100 ($467.91) Dollars, from the proceeds of which check the plaintiff shall make appropriate distribution to the employees named in the respective amounts found to be due each of them: Ozell Dear the sum of Two Hundred, Forty Five and 13/100 ($245.13) Dollars; and Thomas Williams the sum of Two Hundred, Twenty Two and 78/100 ($222.78) Dollars.

In the event any of said sums cannot be so distributed and paid over by the plaintiff within a period of three (3) years, because of inability to locate the proper persons or because of their refusal to accept it, the same shall be covered into the Treasury of the United States as miscellaneous receipts.

Let judgment be entered accordingly.